972 F.2d 340
 4 NDLR P 189
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Danny Lee HILL, Plaintiff-Appellant,
v.
PITT-OHIO EXPRESS, INCORPORATED, a Pennsylvania corporation,
Defendant-Appellee,
and
Ronald D. URIAH, Defendant.
 No. 92-1138.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 7, 1992
Decided: August 7, 1992
 
 ARGUED: Steven L. Miller, MILLER & REED, L.C., Cross Lanes, West Virginia, for Appellant. ON BRIEF: Deborah E. Reed, MILLER & REED, L.C., Cross Lanes, West Virginia, for Appellant.
 Michael J. Del Guidice, CICCARELLO & DEL GUIDICE, Charleston, West Virginia, for Appellee.
 Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiff-appellant, Danny Lee Hill, alleges that the decision of his employer, Pitt-Ohio Express, Inc., to terminate him was based on age and health/handicap discrimination. The district court entered a directed verdict for Pitt-Ohio. Finding no error, we affirm.[1]
 
 
 2
 * In 1986, Hill was hired by Pitt-Ohio as a truck driver. In early July 1989, he suffered a heart attack and returned to work in late July or early August 1989. In October 1989, Hill was asked by his supervisor, Fred Terwilliger, to make an emergency run from Charleston to Huntington, West Virginia.
 
 
 3
 During this emergency run, Hill's driving habits were observed by Sherry Newkirk, an employee of Safety Service, Inc.[2] Newkirk's observations included: (1) Hill was travelling at seventy-three miles per hour in a sixty-five mile per hour zone in conditions of light rain and moderate traffic, (2) he followed traffic at a distance of twenty feet for approximately three miles before passing, and (3) he did not use his left turn signal upon changing lanes. Subsequently, Newkirk filed a Driver's Violation Report delineating the above transgressions with Pitt-Ohio. As a result of this report and pursuant to company policy, Hill was terminated on October 27, 1989, for reckless operation of a company truck.[3] Hill acknowledged that operation of a vehicle as described in the Newkirk report would have been dangerous and reckless driving. He also acknowledged that reckless operation of a company vehicle was cause for termination of his employment pursuant to company policy.
 
 
 4
 Hill did not deny the correctness of the Newkirk report when it was first presented to him, but simply questioned Terwilliger as to whether "four years of safe driving history didn't mean anything." Joint Appendix 47, 58. Hill later denied the correctness of the Newkirk report. Hill did not file any grievance with Pitt-Ohio nor ask the company to reconsider its decision to terminate his employment, despite the availability of a grievance procedure for resolving disputes between employees and company management.[4]
 
 
 5
 On January 9, 1990, Hill filed a formal complaint with the West Virginia Human Rights Commission against Pitt-Ohio alleging age and health/handicap discrimination. After 180 days, the West Virginia Human Rights Commission issued Hill a right-to-sue letter. On October 9, 1990, the plaintiff filed a complaint in state court alleging age discrimination and health/handicap discrimination in violation of W. Va. Code § 5-11-9,[5] and another count of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Pitt-Ohio removed the case to federal court, and the case proceeded to trial.
 
 
 6
 At the conclusion of plaintiff's case, Pitt-Ohio moved for a directed verdict. The district court denied the motion as to the state health/handicap claim and reserved ruling on the state age and federal age discrimination claims. Pitt-Ohio renewed its motion for a directed verdict as to all claims at the close of all evidence and the district court reserved ruling pending the outcome of the jury verdict. The jury returned a verdict in favor of Hill, and the district court in a memorandum order, dated December 26, 1991, granted Pitt-Ohio's motion for a directed verdict on all claims. Plaintiff appeals from this adverse judgment.
 
 II
 
 7
 Under the ADEA and West Virginia law, plaintiff has the initial burden of establishing a prima facie case, but once plaintiff satisfies this requirement, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action taken. If the defendant meets that burden, plaintiff then has the burden of proving that the reason proffered by the defendant was pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Conkwright v. Westinghouse Electric Corp., 933 F.2d 231, 234-35 (4th Cir. 1991); Conaway v. Eastern Associated Coal Corp., 358 S.E.2d 423, 429-30 (W. Va. 1986).[6]
 
 
 8
 We find that the district court's decision granting Pitt-Ohio's motion for directed verdict was entirely appropriate and justified in light of the absence of a scintilla of evidence that age or health/handicap discrimination played a role in Pitt-Ohio's decision to terminate plaintiff. The evidence adduced at trial made it unequivocally clear that plaintiff was discharged because he was observed driving a company vehicle in a reckless manner. This conclusion is bolstered by the testimony of Terwilliger. Terwilliger testified that Steve Nester and Dennis Wiblin, who were both under forty and not handicapped, were terminated like Hill pursuant to company policy for operating a company vehicle recklessly. In short, our review of the record indicates that plaintiff failed to submit evidence that would create a genuine issue of material fact as to whether defendant's reason for discharge was pretextual or unworthy of credence. E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992) (citation omitted); Conaway, 358 S.E.2d at 430. Entry of a directed verdict for PittOhio, therefore, was warranted as a matter of law. Accordingly, the decision of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Appellant has filed a "Motion for Leave to File Supplemental Reply Brief." In this motion, appellant also asks us to impose sanctions on appellee pursuant to Fed. R. Civ. Proc. 37 for failing to comply with appellant's discovery requests in the district court. We grant the Motion for Leave to File Supplemental Reply Brief, but have no jurisdiction to address the merits of the Motion for Sanctions made pursuant to Fed. R. Civ. Proc. 37. Fed. R. Civ. Proc. 1; cf. Cooter & Gell v. Hartmarx Corp., 110 S. Ct. 2447, 246162 (courts of appeals are without jurisdiction to impose Fed. R. Civ. Proc. 11 sanctions)
 
 
 [2]
 Safety Service, Inc. is a road safety patrol, an independent company hired by trucking companies to observe the driving habits of truck drivers for insurance purposes
 
 
 [3]
 At the time of his termination, Hill was forty-three years of age
 
 
 [4]
 Compliance with an internal grievance procedure is not a prerequisite to filing a complaint with the West Virginia Human Rights Commission
 
 
 [5]
 We may assume, without deciding, that plaintiff was handicapped by reason of his heart attack under West Virginia law. See W. Va. Code § 5-113(t)(1)-(3). The resolution of this issue is best left to the Supreme Court of Appeals of West Virginia
 
 
 [6]
 Under West Virginia law, in order to establish a prima facie case of age discrimination, the plaintiff must establish that: (1) he is a member of a protected class, (2) he suffered an adverse employment decision, and (3) but for age, the adverse employment action would not have been taken. Conaway, 358 S.E.2d at 429. Under the ADEA, in order to establish a prima facie case, the plaintiff must demonstrate that: (1) he is a member of the protected class, (2) he was discharged, (3) at the time of discharge, he was performing at a satisfactory level, meeting his employer's legitimate expectations, and (4) following his discharge, he was replaced by a person outside the protected class. E.E.O.C. v. Western Electric Co., Inc., 713 F.2d 1011, 1014 (4th Cir. 1983)